## Bard, Appellant, v. The Penn Mutual Fire Ins. Co.

[Marked to be reported.]

*Fire insurance—Provision as to notice of over-insurance.*

A condition in a policy of fire insurance that the policy shall be void, unless written notice of additional insurance be furnished to the secretary of the company, is an entirely reasonable regulation.

*Notice of over-insurance to director.*

Notice of additional insurance to a director of an insurance company is not notice to the company.

Argued Feb. 7, 1893. Appeal, No. 99, July T., 1892, by plaintiff, B. F. Bard, from judgment of C. P. Chester Co., Aug. T., 1891, No. 40, on verdict for defendant. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit on policy of fire insurance.

At the trial, before HEMPHILL, J., it appeared that, on April 8, 1885, defendant took out a policy of fire insurance in defendant company for $2,500. On April 2, 1886, he had the same property insured in another company for an additional sum of $1,000. In 1889, he made additions to the building at a cost of about $1,500, and then obtained $1,100 additional insurance on the entire structure. No written notice of the additional insurance was given to the defendant company. Instructions to surveyors, in defendant's by-laws, but not in policy, required surveyors to certify that additional insurance requested by written notice, with prior insurance, will not aggregate more than three fourths the value of the property. Said notice to be sent to the office, with policy, for indorsement. Other facts appear by the opinion of the Supreme Court.

Plaintiff's points were, among others, as follows :

" 1. If the jury believe that the defendant's agent, receiver, surveyor and director at Coatesville, John Gilfillan, had knowledge of the additional insurance of $1,000, effected in the Phœnix Mutual Fire Insurance Co. on April 1, 1886, and with such knowledge annually thereafter renewed the policy in suit by accepting the premiums from the plaintiff, the company defendant is estopped from setting up that additional insurance as a violation of the condition in the 5th by-law, in avoidance of their policy." Refused. [2]

"2. If the jury believe that defendant's agent, receiver, surveyor and director at Coatesville, John Gilfillan, had knowledge of the additional insurance effected in November and December, 1889, in the Quaker City Mutual, and other companies, aggregating $1,100, and with such knowledge renewed the policy in suit in January following by accepting the premium for the ensuing year from the plaintiff, the company defendant is estopped from setting up that additional insurance as a violation of the condition contained in the 5th by-law, in avoidance of their policy." Refused. [3]

"3. If the jury believe that the plaintiff, having made additions to his carriage factory building in 1889, took the additional insurance effected in the Quaker City Mutual, and other companies, aggregating $1,100, on the whole of the enlarged building, without apportionment, such additional insurance was not additional insurance on the same property, within the meaning of the 5th by-law, and was not a breach of the condition in said by-law, and did not vitiate the policy in suit, or require the loss to be prorated with the insurance effected in the first mentioned companies." Refused. [4]

"5. John Gilfillan, defendant's agent, receiver, surveyor, and director at Coatesville, having admitted that he knew of the additional insurance in the Phœnix Mutual Fire Insurance Co. before he received the last annual assessment on the policy in suit, the verdict must be for the plaintiff." Refused. [5]

Defendant's points were as follows:

"1. The only authority to John Gilfillan to represent the defendant in matters of additional insurance is found in the directions to surveyors." Affirmed. [6]

"2. Under these directions he had no power to represent the company when additional insurance had already been effected, and notice to him of said additional insurance would not be notice to the company." Affirmed. [7]

"3. It being an undisputed fact in this cause that the plaintiff, while insured in the defendant company, procured additional insurance in other companies, he was required by his contract to give notice of that fact to the secretary, and not having done so he cannot recover." Affirmed. [8]

"4. Even if the plaintiff requested John Gilfillan to notify the defendant that he had additional insurance to the extent

of $1,100 on the property insured, Mr. Gilfillan would be his agent and not the agent of the company, and the plaintiff cannot recover." Affirmed. [9]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in withdrawing case from jury; (2–9) instructions, quoting them.

*William T. Barber* and *R. T. Cornwell, Gibbons Gray Cornwell* with them, for appellant.—If defendant's agent, receiver, surveyor and director at Coatesville, John Gilfillan, had knowledge of the additional insurance, and with such knowledge annually renewed the policy in suit by accepting premiums from plaintiff, defendant is estopped from setting up the clause in the policy, which would otherwise avoid it, and the facts herein were for the jury: Buckley v. Garrett, 47 Pa. 204; Mentz v. Lanc. F. I. Co., 79 Pa. 475; Wachter v. Assurance Co., 132 Pa. 428; Long v. Ins. Co., 137 Pa. 335; Lebanon Ins. Co. v. Hoover, 113 Pa. 591; Gould v. Ins. Co., 134 Pa. 571; Kister v. Ins. Co., 128 Pa. 553; Carroll v. Charter Oak Ins. Co., 38 Barb. (N. Y.) 402; Post v. Ætna Ins. Co., 43 Barb. (N. Y.) 351; Beal v. Park Ins. Co., 16 Wis. 257; Gloucester Mfg. Co. v. Howard F. I. Co., 5 Gray, 497.

The question of the company's knowledge should have been left to the jury in accordance with the requirements of the above and following authorities: Wood, Ins., § 371; Frost v. Ins. Co., 5 Denio, 154; Viall v. Ins. Co., 19 Barb. (N. Y.) 440; Pechner v. Phœnix Ins. Co., 65 N. Y. 195; Sexton v. Ins. Co., 9 Barb. (N. Y.) 200; Ins. Co. v. Spencer, 53 Pa. 353; Farmers' Mut. Ins. Co. v. Taylor, 73 Pa. 342.

It was proper that the addition to the building should be covered by insurance, and such insurance, though placed on the entire structure, if without apportionment, was not double insurance, because not on " the same subject, the same risk and the same interest: " Clarke v. Western Assurance Co., 146 Pa. 561; Sloat v. Royal Ins. Co., 49 Pa. 14.

Where the terms of a policy are susceptible without violence to two interpretations, that construction which is most favorable to the insured, in order to save a forfeiture of the policy, should be adopted: Ins. Co. v. Mund, 102 Pa. 89; Burkhard v. Ins. Co., 102 Pa. 262; Grandin v. Ins. Co., 107 Pa. 26.

*Alfred P. Reid, Thomas W. Pierce* with him, for appellee.—
A previous or subsequent insurance, without notice under a
policy requiring notice of such insurance upon pain of for-
feiture, discharges the insurers from any obligation to pay for
a loss happening under such circumstances: May, Ins., § 364.

Where a policy of insurance requires notice of the loss to
the secretary or other authorized officer, notice to a director of
the company is not sufficient: Inland Ins. & Deposit Co. v.
Stauffer, 33 Pa. 397 ; Morse on Banks & Banking, 125 ; Cus-
ter v. Tompkins Co. Bank, 9 Pa. 27 ; National Bank v. Nor-
ton, 1 Hill, (N. Y.) 572 ; Hackney v. Allegheny Co. Mut.
Ins. Co., 4 Pa. 185 ; Smith v. Ins. Co., 24 Pa. 320 ; Sykes v.
Perry Co. Mut. F. Ins. Co., 34 Pa. 79.

When notice to the company of any particular fact is re-
quired, mere knowledge of such fact, by an agent, is not
equivalent to notice to the company: Schenck v. Mercer Co.
Ins. Co., 4 Zab. 447 ; Mellen v. Hamilton Ins. Co., 5 Duer,
101 ; Buckley v. Garrett, 47 Pa. 204.

In Mentz v. Lancaster Fire Ins. Co., 79 Pa. 475, the agents
were the general agents of the company, and were authorized
to act as such in all matters relating to the effecting of insur-
ance except as to the actual issuing of policies.   In Watchter
v. Phœnix Assurance Co., 132 Pa. 428, defendant was a stock
company, an English corporation doing business through gen-
eral agents in this country, and on that ground the declara-
tions of such agents were held binding upon the company.   So,
also, in Long v. North British, etc., Ins. Co., 137 Pa. 335.   In
Burson v. Fire Ass'n of Phila., 136 Pa. 267, the agent of a
stock company had general powers to represent the company
in all matters of insurance.   So, also, in Gould v. Dwelling-
house Ins. Co., 134 Pa. 570.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 20, 1893 :

The defendant is a mutual insurance company.   The plain-
tiff insured his property with the company in the sum of two
thousand five hundred dollars.   Subsequently he effected in-
surance upon the same property in several other companies.
It was conceded that his policy taken out in the defendant
company contained the following condition of insurance : " If,
when already insured in this company, he shall procure insur-

ance on the same property in another, the policy issued by this company shall be void, unless written notice thereof be furnished to the secretary, and the approval of this company of such an additional insurance be indorsed upon the policy." This condition is an entirely reasonable regulation, and one that is not properly the subject of criticism. When the company issues a policy it has the right to know if any additional insurance in other companies is placed upon the same property. Were it otherwise, it would be in the power of the assured to largely over-insure his property. This, as all experience shows, might sometimes lead to fraud. The company had the right to stipulate that it should be informed in writing of such additional insurance. The object of this stipulation is to avoid just such a dispute as has occurred in this case. Where a notice in writing is given to the company there is no room for dispute, and it is likely to be acted upon. Whereas, a verbal notice, even if given to an officer of the company authorized to receive it, may be overlooked or forgotten in the hurry of business, thus leading to disputes, and often to litigation. It is not contended that any notice in writing of the additional insurance had been given in this case. It was alleged, however, that John Gilfillan was a director of the company residing at Coatesville ; that he had knowledge of the additional insurance of one thousand dollars effected in the Phœnixville Fire Insurance Company, and with such knowledge as agent of the company, annually thereafter renewed the policy in suit by accepting the premiums from the plaintiff. There was no evidence, however, that Mr. Gilfillan was a general agent of the company, and authorized to accept notice of over-insurance or waive its consequence. It was held in Mitchell v. The Lycoming Mutual Insurance Company, 51 Pa. 402, that an agent of an insurance company whose duty it is to take surveys, receive application for insurance, examine the circumstances of a loss, approve assignments and receive assessments, is not authorized to accept notice of over-insurance, or waive its consequences. It was said by Mr. Justice AGNEW in that case : " But the act of over-insurance is a forbidden act and not the subject of authorized waiver by any officer or agent under the rules and regulations prescribed. It is on the principle of estoppel and not of authority, the waiver takes effect. The knowledge of

a mere agent unauthorized to represent the company beyond the specific powers committed to him, cannot be the ground of estoppel in a matter unconnected with his powers. This can take place only when the knowledge lying at the foundation of the estoppel comes home to those officers who exercise the corporate powers of the company, or to an agent whose powers relate to the very subject out of which the estoppel arises.''

It is equally clear that notice to a director is not notice to the company: Insurance Company v. Stauffer, 33 Pa. 397. A director of a company is not one of its executive officers to whom the details of its business are committed. Directors are usually but consulting managers. They are but occasionally at the place of business of the company, and it would produce endless confusion if we were to hold that a verbal notice communicated to a director, not at the place of business of the company, but at his house, or upon the street, or wherever he might happen to be at the time, is binding upon the company.

The plaintiff, having entirely failed to comply with the before mentioned condition of his policy, we think the learned judge below was justified in instructing the jury to find a verdict for the defendant.

Judgment affirmed.