Rochester German Ins. Co. of Rochester, N. Y., v. Rodenhouse.

questions of law are covered by the court's charge. Nor do we think there was any material error committed in the admission or rejection of testimony.

It is our opinion that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.

---

## ROCHESTER GERMAN INS. CO. OF ROCHESTER, N. Y., v. RODENHOUSE.

No. 1810. Opinion Filed October 23, 1912.

Rehearing Denied December 17, 1912.

(128 Pac. 508.)

1. PLEADING—Objections and Waiver—Pleading Over. In an action on an insurance policy, where the petition contains no allegation of compliance with the conditions precedent to an action, and where defendant's demurrer to the sufficiency of the petition is overruled, and defendant answers, alleging that plaintiff has failed to comply with the conditions precedent, and specifically points out the provisions with which plaintiff has failed to comply, and thereupon plaintiff replies, denying those allegations, held, "that by pleading over and undertaking to point out the conditions with which plaintiff had failed to comply, and the manner of their breach, the defendant waived the grounds of its demurrer."

2. SAME—Reply—Departure. Where the answer, in an action on an insurance policy, contains the allegation that the insured has failed to comply with certain conditions precedent to an action, and points out those conditions, and the plaintiff replies, denying those allegations, he thereby puts those facts in issue; and a further allegation in the reply that defendant has waived those conditions is mere surplusage, and does not constitute a material departure from the allegations in the petition.

3. INSURANCE — Actions on Policies — Conditions Precedent — Appraisal. Where an insurance policy contains a provision that, in case of loss and failure to agree on the amount of loss, there shall be an appraisement by three appraisers, one of whom to be chosen by the insured, one by the company, and the third by the two thus chosen, and such appraisement is made a condition precedent to an action, held, that it is as much the duty of the insurer as the insured to demand an appraisement; and, in case no appraisement is requested by either party, and the company refuses to pay the loss, the insured will not be precluded from her right of action by reason of failure to demand the appraisal.

4.    SAME—Waiver of Ground of Avoidance—Notice to Agent. Where
the contention is made by an insurance company that the policy
sued on is void, because the insured was not the owner in fee
simple of the lots on which the insured building was situated, and
it appears that the agent who issued the policy had authority to
issue same, and the policy contained the provision that it should
be void, unless countersigned by such agent, and it appears that
such agent had notice, prior to and at the time of issuing the
policy, that the insured did not own the lots, held, that notice
to such agent was notice to the company, and that by issuing
the policy and accepting the premium with this knowledge the
company is held to have waived the provision that the insured
should be the owner of the lots.

(Syllabus by Harrison, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by Mrs. L. M. Rodenhouse against the Rochester
German Insurance Company of Rochester, N. Y. Judgment for
plaintiff, and defendant brings error. Affirmed.

This action was begun in February, 1909, by plaintiff below
to recover the sum of $1,700, alleged to be due on an insurance
policy issued to plaintiff by defendant in January, 1908, on a
certain fifteen-room frame building situated in the town of Waur-
ika; the face of the policy being $1,700. The cause was tried in
March, 1910, resulting in a verdict in favor of plaintiff for the
face of the policy, $1,700, on which verdict judgment was ren-
dered, and from which judgment the cause is appealed here upon
seventeen separate assignments of error.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Stuart, Cruce & Gilbert,* for defendant in error.

Opinion by HARRISON, C. Plaintiff in error, however,
relies for reversal on the following contentions, namely: That
the court erred in overruling the motion for a new trial; that the
petition and amended petition fail to state a cause of action; that
the insured was not the owner in fee simple of the lots on which
the building stood; that the property insured was incumbered
by a mortgage, proceedings to foreclose which were pending
at the time the policy was taken out; and the further contention
that the allegations in plaintiff's reply to defendant's answer con-

stituted a departure from the allegations in the petition. The question of the error of the court in overruling motion for a new trial is disposed of by a determination of the other propositions involved.

This action is a companion case to the *American Insurance Co. of Newark, New Jersey, v. Rodenhouse, ante,* 128 Pac. 502. The two actions, though on separate policies, grew out of the burning of the same building, and are identical in every feature of law and fact, except the question of incumbrance by mortgage, and that the insured did not own a fee-simple title to the lots on which the property was situated, which questions were not involved in the other case. The question of pleading presented here is identical with the question presented and settled in the other case, and we follow the rule therein announced. The two petitions are substantially the same. In the other case, as in this case, the petition contained no allegation of compliance with the conditions precedent to an action. In each case, defendant's demurrer to the sufficiency of the petition being overruled, an answer was filed, alleging that plaintiff had failed to comply with the conditions precedent, and distinctly and specifically pointing out the provisions with which plaintiff had failed to comply. Plaintiff replied, denying these allegations, and it was held "that by pleading over and undertaking to point out the conditions with which plaintiff had failed to comply, and the manner of their breach, the defendant waived the grounds of its demurrer."

Likewise the reply in each case contained the same allegations as to waiver of the provisions of the policy which the answer alleged had not been complied with, and the question that such allegations constituted a departure is raised in each case. In the other case it was held:

"Where, in an action on an insurance policy, the answer alleged that the insured had fraudulently misrepresented the value of the property destroyed in her proof of loss, this allegation was sufficiently put in issue by a general denial; and a further allegation in the reply that after the loss defendant offered to pay the policy in full if plaintiff would surrender another policy which she held in a different company, and that it did not return to her the proof of loss she had made, or ask for any additional

proof, or claim that the proof furnished was false and fraudulent, and that it had thereby waived all the conditions of the policy, and was estopped to rely upon them, or any part of them, was mere surplusage, and did not constitute a material departure from the issues as raised by the petition and answer."

Also each policy provides, in case of loss, for an appraisement to be made by three appraisers, one of whom to be chosen by the insured, one by the company, and the third to be chosen by the two, and such appraisement is made a condition precedent to an action. In each case the contention, based upon the same state of circumstances, is made that, the appraisement not having been made, the plaintiff is precluded of her right of recovery by reason thereof. On this question the court, speaking through Rosser, C., in the other case, held:

"The provision for appraisers is that the insured and the company have each selected an appraiser, and that they shall select an umpire. Now, what is there in the provisions of the policy which puts the burden of demanding the appraisement upon the insured? For whose benefit was the provision in reference to appraisement inserted in the policy? Undoubtedly it was written into the policy for the benefit of the company. In order to secure an appraisement, it was necessary for the company to appoint an appraiser. The insured could not have an appraisement, unless the company acted with her in the matter of appointing an appraiser. What reason is there for saying that when the loss occurred it was not as much the duty of the company as of the insured to request the action necessary to settle the loss? The company had insured the property and collected the premium. It should have been ready on its part to take whatever steps were necessary to settle the loss."

And, after quoting at length from the authorities which hold that it is as much the duty of the company as the insured to demand an appraisal, and that in case of disagreement as to loss, where neither demands an appraisal, the insured has a right of action, concludes:

"In view of defendant's admission in this case that it did not demand an appraisal of the property, the court did not err in holding that an appraisal was not required."

The facts in that case are identical with the facts in the case at bar, and the rule in that case is followed here.

The contention that the policy was void, because the property was incumbered by a mortgage, is disposed of by the fact that the policy expressly provided for the protection of the mortgagee to the amount of the mortgage, $650, and the company is held to have expressly waived that provision. But the fact of plaintiff's having no title to the lots presents a more serious question—one which in the absence of notice of such fact to the company, would render the policy void. There was some conflict in the testimony as to whether the company had such notice, but this fact was determined in the affirmative by the jury. However, the record discloses that the notice, claimed to have been given, was given to the agent of the company; that is, plaintiff testified that previous to and at the time of making the contract she informed Mr. Hunter, the company's agent, that she had no title to the lots. Now, the question whether notice to Hunter was notice to the company depends upon two propositions: First, whether he was a mere local agent authorized only to take applications for insurance, or whether he was an agent who had authority to issue policies himself. That is, whether he was such an agent as that it required his countersignature to make the policy valid. Second, if he was such an agent as had authority to issue policies, then the question is whether such notice was given him before or after the issuance of the policy.

The plaintiff testified that prior to the making of the contract she informed the agent, Mr. Hunter, that she had no title to the land, and testified further that Hunter replied that this made no difference. This testimony was not denied. Hence the jury was justified in finding that notice was given before the policy was issued. The question whether the agent, Hunter, had authority to issue policies, and whether notice to him was notice to the company, is settled by the policy itself, which provides: "Not valid unless countersigned by the duly authorized agent at Waurika, Okla."

The company conceded that Mr. Hunter, who countersigned the policy, was the duly authorized agent of the company. Under this state of facts the question of notice is disposed of by the

rule announced by this court in *Western National Insurance Co. v. Marsh,* 34 Okla. 414, 125 Pac. 1095, wherein Ames, C., after an exhaustive collation of authorities from 42 different states, says:

"We feel that this rule, established by such an overwhelming weight of authority, should be followed by us, and we are the more ready to do so because it accords with our sense of justice. Indeed, this result is foreshadowed by the decisions of this court in *Arkansas Ins. Co. v. Cox,* 21 Okla. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, and in *Port Huron Engine & Thresher Co. v. Ball,* 30 Okla. 11, 118 Pac. 393. In *Arkansas Ins. Co. v. Cox,* 21 Okla. 880, 98 Pac. 555, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808, it is said: 'Defendant insists that the answers of plaintiff in his application as to his interest in the dwelling house and barn insured and the land on which the same was situated were false, and that he did not have the unconditional and sole ownership, both legal and equitable, of the property and that he was not the owner of the fee-simple title to the land on which said buildings were situated, and that by reason of such facts the policy, under the provision thereof quoted *supra,* was void. There was no misrepresentation by plaintiff in his application as to who owned the legal title to the land on which the property was situated. His answer to the questions in the application discloses that the same was held in the name of R. L. Folsom. This fact was known to the insurance company by the written application of plaintiff, containing such answer, being before the company at the time it issued the policy sued on; and the company, having with full knowledge issued the policy to plaintiff, cannot now insist upon the clause in the policy requiring the insured to be the unconditional and sole owner of the legal title, but will be held to have waived such condition. The law will not permit it, with full knowledge of the condition of the legal title to the land on which the insured's property was located, to accept the application and the premium note given by the insured in payment of the premium on the policy, and to insert in the policy a provision contrary to the conditions of the title as represented by the application, by which it may defeat the right of recovery in case of loss.'"

This opinion was followed in *Insurance Co. of N. Am. v. Little,* 34 Okla. 449, 125 Pac. 1098.

In view of the above decisions and the splendid list of

authorities therein cited, and in view of the facts in the case at bar, we adhere to the rule therein stated.

. The judgment of the court below is affirmed.

By the Court: It is so ordered.