## ST. PAUL FIRE & MARINE INS. CO. v. BRAGG.

No. 3305.   Opinion Filed December 20, 1913.

(136 Pac. 715.)

INSURANCE—Action on Policy—Petition—Election to Cancel.   In an action on a fire insurance policy containing the following clause: "This entire policy shall be void at the election of the company, if, without the consent of the secretary or general agent of the company indorsed thereon, any other insurance is now or shall be taken out on any of the property above described,"—where the answer alleges a violation of this clause by the insured in taking out additional insurance on the same property covered by the policy in suit, without the knowledge or consent of the company, but fails to allege a compliance with the terms of the policy which prescribes that in case the company elects to cancel the policy it shall do so "by returning to the assured the pro rata unearned premium, if it has been paid, or, if not, by indorsing the amount thereof on any unpaid premium note and giving written notice thereof to the assured," and does not allege payment or tender to the assured the pro rata unearned premium, and the giving of written notice to the assured, does not sufficiently plead an election on the part of the company to declare the policy void.

(Syllabus by Galbraith, C.)

*Error from District Court Comanche County;*
*J. T. Johnson, Judge.*

Action by G. W. Bragg against the St. Paul Fire & Marine Insurance Company.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Houston & Brooks* and *Chas. Mitschrich,* for plaintiff in error.

*H. C. Stubblefield* and *Hudson & Whalin,* for defendant in error.

Opinion by GALBRAITH, C.   The defendant in error, on November 30, 1909, instituted this action in the district court of Comanche county, against the plaintiff in error, on a fire insurance policy that had been delivered to the defendant in error, by the agent of the plaintiff in error, at Lawton, Okla., on the

4th day of February, 1907, insuring his dwelling house and house-. hold effects against loss by fire in the sum of $600. The petition alleged that the property insured was destroyed by fire on the 24th day of October, 1908, and that proof of loss had been furnished, as required by the terms of the policy, on the 27th day of October, 1908, and the plaintiff had performed all the conditions on his part to be performed, as prescribed by the terms of the policy; and that the defendant had failed to pay the same or any part thereof, and prayed for judgment in the sum of $600 and costs. The defendant answered the plaintiff's amended petition, admitting that it executed and delivered the policy, as charged, but denied each and every other material allegation in the petition contained, and in the second paragraph of the answer set out that the policy issued as aforesaid contained, among other provisions, the following condition:

"This entire policy shall be void at the election of the company, if, without the consent of the secretary or general agent of the company indorsed hereon, any other insurance is now or shall be taken out on any of the property above described."

And charged that the plaintiff violated the terms of this condition of the contract, inasmuch as, after the issuance and delivery of the policy in suit, the plaintiff took out additional insurance on the property covered by said policy, without the knowledge or consent of the secretary or general agent of the defendant company, indorsed on the policy in writing, as in the above provision stipulated, attaching a copy of the second policy charged to have been issued to the answer; and further alleging "that said insurance was taken out without the knowledge or consent of the secretary or general agent of the defendant, and without any consent of said secretary or general agent being indorsed on said policy as provided by the terms thereof; that the defendant had no knowledge, notice, or information that said other and additional insurance had been taken out until long after the alleged destruction of said property by fire, as charged by the plaintiff in said petition; that, as soon as this defendant learned that said other and additional insurance as aforesaid had been taken out upon said property, it advised the plaintiff

that said policy so issued by it to the plaintiff as aforesaid was void." And alleged that on account of the breach of such condition by the plaintiff the policy in suit became null and void, and no recovery could be had thereon. To this second paragraph of the answer the plaintiff interposed a demurrer, which was by the court sustained. The defendant excepted to the ruling of the court in sustaining the demurrer and refused to amend, electing to stand thereon. The cause was submitted to the court for trial upon the issues made by the petition and the first paragraph of the defendant's answer thereto, and judgment was rendered for the plaintiff for the full amount of the policy and interest. A motion for new trial was filed and overruled, and exception saved, and the defendant appealed to this court by petition in error and case-made.

The only assignment of error argued is that challenging the ruling of the trial court in sustaining the demurrer to the second paragraph of the answer, and that is all that is necessary to consider on this appeal. The law is well settled that a provision, such as that set out in the second paragraph of the answer above quoted, is a valid and binding provision in an insurance contract. The Supreme Court of the United States, in *Northern Assur. Co. v. Grand View Bldg. Ass'n,* 183 U. S. 317, 22 Sup. Ct. 136, 46 L. Ed. 213, said:

"Overinsurance by concurrent policies on the same property tends to cause carelessness and fraud, and hence a clause in the policies, rendering them void in case other insurance had been or should be made upon the property and not consented to in writing by the company, is customary and reasonable. In the present case, such a provision was expressly and in unambiguous terms contained in the policy sued on, and it was shown in proofs of loss furnished by the insured, and it was found by the jury, that there was a policy in another company outstanding when the present one was issued. It also was made to appear that no consent to such other insurance was ever indorsed on the policy or added thereto. Accordingly, it is a necessary conclusion that by reason of the breach of the condition the policy became void and of no effect, and no recovery could be had thereon by the insured unless the company waived the conditions."

The Supreme Court of Kansas, in regard to the same provision, said that:

"Provisions in policies of insurance providing that the policies shall be void if other insurance be taken without the consent of the insurer are valid. 2 May, Ins. 364. And subsequent insurance, taken out without the consent of the insurer, either expressed or implied, avoids the policy. *Allen v. Merchants' Mutual Ins. Co.* [30 La. Ann. 1386] 31 Am. Rep. 243; *Funke v. Insurance Ass'n,* 29 Minn. 347 [13 N. W. 164, 43 Am. Rep. 216]; *Bard, Appellant, v. Penn Mut. Fire Ins. Co.,* 153 Pa. 257 [25 Atl. 1124, 34 Am. St. Rep. 704]."

See, also, *Assurance Co. v. Norwood,* 57 Kan. 615, 616, 47 Pac. 531.

Our own court, in at least two well-considered decisions, one by Ames, C., and another by Brewer, C., has recognized the validity of this clause in insurance policies. *Western Nat. Ins. Co. v. Marsh,* 34 Okla. 414, 125 Pac. 1094; *Merchants' & Planters' Ins. Co. v. Marsh,* 34 Okla. 453, 125 Pac. 1100.

However, we find the following clause in the policy in suit regulating rescission:

"This policy may be canceled by either party. If upon request of the company, by returning to the insured the *pro rata* unearned premium, if it has been paid, or, if not, by indorsing the amount thereof on any unpaid premium note and giving written notice thereof to the insured. If by insured, by paying the customary short rate for the time the policy has to run and the expenses of writing the risk."

This provision of the policy was not argued by counsel and was overlooked in the preparation of the original opinion, but a member of the court called attention to it with the suggestion that it ought to be considered, and for that reason the original opinion filed in this case was withdrawn and this one substituted.

It will be observed that the provisions of the policy first quoted provide that the taking of additional insurance on the property without the written consent of the company avoids the policy at the election of the company, and the provision last above quoted set out how the election of the company to avoid the policy shall be exercised, to wit, "by returning to insured the

*pro rata* unearned premium, if it has been paid, or, if not, by indorsing the amount thereof on any unpaid premium note and giving written notice thereof to the insured."   .

It will be observed that the second paragraph of the answer, to which demurrer was interposed and sustained, fails to allege a compliance with these conditions.   It fails to allege an offer or tender to the assured of the *pro rata* unearned premium or an indorsement of the amount thereof on any unpaid premium note, and the giving of notice in writing to the insured, and thereby fails to allege the necessary facts to constitute an election on its part to avoid the policy on account of taking the additional insurance, and the demurrer was therefore properly sustained, on authority of *Taylor v. Insurance Co. of North America,* 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906.   See, also, *St. Paul Fire & Marine Ins. Co. v. Peck,* 37 Okla. 85, 130 Pac. 805; *St. Paul Fire & Marine Ins. Co. v. Griffin,* 33 Okla. 178, 124 Pac. 300; *Rochester German Ins. Co. of Rochester v. Rodenhouse,* 36 Okla. 378, 128 Pac. 508; *Pacific Mutual Life Ins. Co. v. O'Neil,* 36 Okla. 792, 805, 130 Pac. 270; *Home Ins. Co. v. Dobbins,* 81 Miss. 623, 33 South. 504.

It follows that the assignment of error is not well taken, and that the judgment appealed from should be affirmed.

By the Court:   It is so ordered.