## OKLAHOMA FIRE INS. CO. v. MUNDEL.

### No. 3573.  Opinion Filed June 9, 1914.

### (141 Pac. 415.)

1. **INSURANCE—Action on Policy—Premature Suit.** In an action on a policy which contains the provision that ''in no case shall the company be liable until 60 days after notice, ascertainment and proof of loss,'' where suit is instituted before the expiration of 60 days after proof of loss, and then after the expiration of 60 days the plaintiff amends his petition, and thereupon the insurer files its answer setting up the several grounds of defense and denying liability, the action will not then be held to have been prematurely brought, but may be maintained on the amended petition.

2. **APPEAL AND ERROR—Objections Waived.** Where a jury is permitted to take the pleadings into the jury room, and no objection is made or exception taken by either party in the court below, an objection to the jury's so doing will not be heard in this court.

3. **INSURANCE—Action on Policy—Appraisement—Waiver.** Where a policy contains a provision that ''in case of loss and failure to agree on the amount of loss, there shall be an appraisement by three appraisers, one of whom to be chosen by the insured, one by the company, and the third by the two thus chosen,'' and such appraisement is made a condition precedent to an action, **held**, it is as much the duty of the insurer as the insured to demand an appraisement, and in case no appraisement is requested by either party, and the company denies liability and refuses to pay the loss, the insured will not be precluded from his right of recovery by reason of his failure to demand an appraisement.

(Syllabus by Harrison, C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by J. J. Mundel against the Oklahoma Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Thompson & Patterson,* for defendant in error.

Opinion by HARRISON, C.  Mundell obtained judgment against the insurance company in the court below in the sum of

$3,500 on a policy covering a stock of merchandise, a store, and fixtures. From such judgment the insurance company appeals upon seven assignments of error. Of these the second, third, fourth, and fifth go to the proposition that the suit was prematurely brought. The sixth goes to the fact that the jury was permitted to take the pleadings into the jury room. The seventh goes to the proposition that no appraisement was had as required under the terms of the policy. In the first assignment of error, the overruling of the motion for new trial, all the foregoing propositions were involved. It appears from the record that the loss occurred June 21, 1910; that proof of loss was made August 17, 1910, and suit commenced September 14, 1910. The policy contained this provision:

"This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and a loss shall not become payable until 60 days after notice, ascertainment, estimate or satisfactory proof of loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

It is urged that, suit having been brought within 28 days after proof of loss had been made, it was prematurely instituted. It appears from the record, however, that on April 28, 1911, a demurrer was sustained to such petition, on the ground that the suit was prematurely instituted, and on May 2, 1911, Mundel filed an amended petition, to which no demurrer was filed nor objection made, but the company filed its answer, setting up the various defenses relied upon, and containing no allegation that the suit was prematurely brought. The question, then, is whether the plaintiff, by filing an amended petition after the expiration of 60 days after proof of loss, could maintain his action against the company. This question was squarely passed upon by this court in *Western Reciprocal Underwriters' Exchange v. Coon,* in an opinion by Justice Williams, reported in 38 Okla. 453, 134 Pac. 22, in which it was held:

"In each policy it being provided, in effect, that no liability would attach in favor of the assured until 60 days after the no-

tice, ascertainment, estimate, and proof of loss had been furnished to the assurer, and the action having been commenced prior to the expiration of said time, but after such expiration, the assured having amended his petition, showing the time of the presentment of such proof of loss, and that such period had elapsed, the assurer then answering, denying liability on several grounds, the action was not then premature, but properly maintainable on the amended petition."

See, also, *American Ins. Co. of Newark, N. J., v. Rodenhouse,* 36 Okla. 378, 128 Pac. 508.

These authorities settle the question as to whether or not an action may be maintained by an amended petition after the expiration of 60 days after proof of loss was made, and also settle the objection which plaintiff in error makes to the court's refusal to give requested instruction No. 9, which objection was raised in the third assignment of error. This objection, however, is otherwise untenable, for the reason that the requested instruction was given almost verbatim in paragraph 16 of the court's charge. Likewise the objection to paragraph 17 of the court's charge cannot be sustained, for the reason that said paragraph 17 substantially states the law as announced in the Coon case, *supra.*

As to the question of error in allowing the jury to take the pleadings into the jury room, the record fails to disclose that any objection or exception was made to the jury's so doing. It shows that the court instructed the jury that they might do so, and no objection or exception was made to such instruction, and, so far as this court is able to know, the parties to the suit below may have considered it equally advantageous to them that the jury should have the pleadings with them in considering their verdict.

As to the question of appraisement, it appears that no appraisement was made; that none was demanded or requested by either party. This question was also squarely passed upon in the Rodenhouse case, *supra.* In *Rochester German Ins. Co. of Rochester, N. Y., v. Rodenhouse,* 36 Okla. 378, 128 Pac. 508, the law is stated thus:

"Where an insurance policy contains a provision that, in case of loss and failure to agree on the amount of loss, there shall be an appraisement by three appraisers, one of whom to be chosen by the insured, one by the company, and the third by the two thus chosen, and such appraisement is made a condition precedent to an action, *held*, that it is as much the duty of the insurer as the insured to demand an appraisement; and, in case no appraisement is requested by either party, and the company refuses to pay the loss, the insured will not be precluded from her right of action by reason of failure to demand the appraisal."

This disposes of all the material propositions involved in this case, and, under the record and the law as heretofore announced by this court, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.