THE BURLINGTON INSURANCE COMPANY v. W. W. MOR-
TIMER.

INSURANCE COMPANY — *Service of Summons.* In an action against an in-
surance company in any county, service of summons may be made
upon the chief officer of the agency which the company may have in
such county, as provided in § 14 of the justices' code, which provision
was not repealed by the enactment of § 41, ch. 93, Laws of 1871, nor
by § 4, ch. 112, of the Laws of 1875.

*Error from Coffey District Court.*

ACTION by the *Burlington Insurance Company* against
*Mortimer* for an injunction. At the April term, 1890, judg-
ment for the defendant. Plaintiff comes here. The opinion
states the facts.

· *G. E. Manchester,* for plaintiff in error.

*J. I. Wolfe,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to enjoin the enforce-
ment of a judgment obtained before a justice of the peace by
W. W. Mortimer against the Burlington Insurance Company.
The company had insured several of his animals against light-
ning, and one of them having been killed, a recovery of $75.65
was had. An abstract of the judgment rendered by the jus-
tice of the peace was filed in the office of the clerk of the dis-
trict court, and thereupon an execution was issued to the
sheriff of the county, commanding him to seize the property
of the company to satisfy the judgment. This proceeding
was then begun, and at the trial it was shown that the only
summons served upon the insurance company in the action
before the justice of the peace was one served upon A. W.
Hinds, who was the agent and chief officer of the company
within Coffey county. It was also shown, that by the terms
of the insurance policy upon which the judgment was ob-
tained, the liability of the insurance company was limited to

$50 on each animal of the kind described in the bill of particulars or claim made by Mortimer. Upon a demurrer to the evidence, the court held it to be insufficient to entitle the insurance company to the relief asked, and judgment was therefore given in favor of Mortimer.

The principal ground assigned for reversal is, that as no service was made upon the superintendent of insurance, no jurisdiction was obtained by the justice of the peace, and therefore the judgment is a nullity. The service was made in pursuance of § 14 of the justices' code, which is exactly the same as § 69 of the civil code, and reads as follows:

"When the defendant is an incorporated insurance company, and the action is brought in the county in which there is an agency thereof, the service may be upon the chief officer of such agency." (Gen. Stat. of 1889, ¶ 4860.)

If this provision, which has been published in all editions of the General Statutes since 1868, still exists, the service was good, and the judgment based thereon is valid. It is contended that this section has been repealed, and that service must now be made upon the superintendent of insurance, as provided by § 41 of chapter 93 of the Laws of 1871, as amended by § 4 of chapter 112 of the Laws of 1875. (See Gen. Stat. of 1889, ¶ 3354.) It is not pretended that there was any express repeal of the provision authorizing the service upon the chief officer of the agency of an insurance company in a county, but it is contended that the later provisions, creating an insurance department in the state and regulating the insurance companies doing business therein, cover the whole subject of the former, and was intended as a substitute for it. We are unable to agree with this contention. It is well settled that repeals by implication are not favored in law, and are only upheld where the new law is in irreconcilable conflict with the former one, or where it obviously covers the whole subject-matter, and was plainly intended by the legislature as a substitute for the other. Courts presume that laws are passed with deliberation and with a knowledge of those in existence, and hence it will be inferred that the legislature

50—52 KAS.

did not intend to abrogate a prior law unless the repugnancy between the two is irreconcilable, or that the last was manifestly intended to supersede the former. If for any reason both may be given effect and subsist together, it is the duty of the courts to uphold both. The later statute, which it is claimed operates as a repeal of general code provisions, was enacted to regulate and control the business of insurance transacted in the state. As first enacted, it incidentally made it a condition precedent to the transaction of business within the state that foreign insurance companies should submit to its jurisdiction, and should consent that service of process might be made upon any agent of the company within the state, or, where the company had withdrawn from the state, service might be made by sending a copy of the process by mail, addressed to the company at the place of its principal office, when it ceased to do business; and it further provided, that this substituted service should be deemed as valid as if it had been made in the ordinary manner. By the amended law of 1875, it was provided that insurance companies, on applying for permission to transact business in the state, must, as a condition precedent, consent that service of process might be made upon the superintendent of insurance of this state, and provided the manner in which it should be made. Such companies were required to stipulate and agree that the service so made should be deemed as valid and binding as if due service had been made upon the president or chief officer of the corporation. Instead, therefore, of making the service upon the superintendent exclusive, the language of the statute implies that the other service provided for in the code might be made. It was the evident purpose of the legislature to provide an additional method of obtaining service upon and jurisdiction over insurance companies whose agents or officers might be remote from the locality where the contracts of insurance were made. It was not infrequent that insurance companies which had been engaged in business had discontinued their agencies and withdrawn from the localities where policies of insurance had been

issued, so that in the enforcement of insurance contracts service of process could not be obtained upon the company, and local policy holders were required to follow the company to some remote place or state, at great inconvenience and loss. To meet such a contingency, the legislature provided for another method of service, by which causes of action·might be enforced in the counties in which they arose. The statute does not contemplate that it is the only method, but obviously treats it as a cumulative rather than an exclusive method. It is somewhat similar to the provision with reference to service upon railroad corporations. Chapter 123, Laws of 1871, provided additional facilities for obtaining jurisdiction over such companies, but it has never been contended that this provision superseded or set aside the earlier and general one providing for the service of summons against corporations. The ground that judgment was rendered for an excessive amount might have been a sufficient cause for reversal, if a proceeding in error had been instituted, but it does not avoid the judgment, and is not available in an action to enjoin its enforcement.

The judgment of the district court will be affirmed.

All the Justices concurring.