R. L. WILLIAMS, CHIEF JUSTICE.
JESSE J. DUNN,
SAMUEL W. HAYES,
MATTHEW JOHN KANE,  } JUSTICES.
JOHN B. TURNER,

---

STATE LIFE INS. CO. OF INDIANAPOLIS, IND., v. OKLAHOMA CITY NAT. BANK et al.

No. 2124, Okla. T.  Opinion Filed September 8, 1908.

(97 Pac. 574.)

1.  CORPORATIONS — Foreign Corporations — Process — Service — Agents.  In a suit against a foreign corporation which has appointed a service agent in accordance with the terms of section 266, art. 23, c. 18 (section 1227) Wilson's Rev. & Ann. St. Okla. 1903, service of summons may be made upon such agent by delivering a copy thereof either personally or by leaving the same at his usual place of residence.

2.  PROCESS—Praecipe for Summons—Irregularity—Effect.  The issuance of a summons upon a praecipe filed by a codefendant is not an error of which defendant can complain, nor will the jurisdiction of the court, after due service of the summons issued thereon, be affected by reason thereof.

(Syllabus by the Court.)

*Error from Probate Court, Cleveland County; N. E. Sharp, Judge.*

Action by the Oklahoma City National Bank and others against the State Life Insurance Company of Indianapolis, Ind. Judgment by default against the insurance company, and it brings error. Affirmed.

*C. L. Botsford* and *W. M. Newell,* for plaintiff in error.
*Mosier & Dudley,* for defendant in error.

DUNN, J. The Oklahoma City National Bank, defendant in error, which was plaintiff in the court below, brought suit against plaintiff in error and the other parties to this action in the probate court of Cleveland county, Okla. T., and judgment was taken by default against the insurance company. Thereafter the said company filed its motion to quash the service made and vacate the judgment taken thereon for the reason, relied on in this court, that the return on the summons shows it to have been served "by leaving a true copy * * * with all the indorsements thereon, at the residence of William Jenkins, the agent for service of the State Life Insurance Company of Indianapolis, Indiana. B. W. Murphy, Sheriff of Logan County." This motion was by the court overruled, and the case brought here on proceedings in error.

Section 264, art. 23, c. 18 (section 1225) of Wilson's Revised & Annotated Statutes of Oklahoma of 1903, provides that no corporations created or organized under the laws of any other state or territory shall transact any business within this territory, etc., until a duly authenticated copy of its charter or articles of incorporation shall have been filed in the office of the Secretary of State of the territory. It further provides in section 266 (section 1227) that such corporation shall appoint an agent "duly authorized to accept service of process and upon whom service of process may be made in any action in which said corporation may be a party; * * * and service upon such agent shall be taken and held due service upon such corporation." This section of the statute does not undertake to say how the service shall be

made upon such agent. It merely provides upon whom service shall be made where actions are brought against a nonresident corporation which shall have complied with this article. For the manner in which such service may be made, we must look elsewhere. It is the contention of plaintiff in error that such service can be made personally only, and that it cannot be made as is provided for generally where citizens of the state are defendants.

Our attention is directed to the case of *Bes Line Construction Company v. Schmidt,* 16 Okla. 429, 85 Pac. 711. The opinion was written by Mr. Justice Pancoast, and holds that:

"Where a foreign corporation, other than a railroad or stage company, has complied with the provisions of article 23, c. 18, Wilson's Revised and Annotated Statutes, and has appointed an agent in this territory for service of process, with his office and principal place of business at an accessible point in the territory, service of summons in an action against such corporation is irregular when made upon any other person."

It is also held that sections 4269, 4270, 4271, 4272, 4273, and 4274 relate to service on a railway or stage company corporation, and do not include foreign corporations generally, and, further, that the statute (article 23), to which we have just referred, provides specifically that service of process should be made upon the person appointed under the provisions of that act. The agent thus appointed for the purpose of service stands in the place of a foreign corporation. He is the defendant for the purpose of service in the territory, and as the statute providing for his appointment does not prescribe specifically the manner in which he shall be served, we must look to the general statutes to ascertain it. Section 66, art. 6, c. 66 (section 4264), Wilson's Rev. & Ann. St. Okla. 1903, provides in what manner service may be made in the territory, which is by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence; and as the service in this case was made by leaving a copy at the usual place of residence of William Jenkins, the agent for service of the plaintiff in error, we hold such ser-

vice was sufficient to vest the court with jurisdiction of the person of such foreign corporation.

The further proposition is presented that the summons issued against plaintiff in error was upon a præcipe filed by James G. Lindsay, who was a joint defendant in the case with plaintiff in error; the contention being that Lindsay had no such interest as would entitle him to have the summons issued. Our statute provides—section 61, art. 6, c. 66 (section 4259)—that the summons shall be issued by the clerk upon a written præcipe filed by the plaintiff, and the general rule is that, where it is the duty of plaintiff to file such præcipe, the clerk may refuse to issue the summons until he does so; but if the clerk issues a summons upon a præcipe filed by a codefendant the defendant is not prejudiced thereby, nor is the jurisdiction of the court, acquired by the service of a summons so issued, affected. 20 Ency. Pleading & Practice, 1106; *Goff v. Russell*, 3 Kan. 212; *Manspeaker v. Bank of Topeka*, 4 Kan. App. 768, 46 Pac. 1012.

The foregoing disposes of the questions raised and argued by counsel for plaintiff in his brief.

The judgment of the lower court is accordingly affirmed.

All the Justices concur.