## CONTINENTAL INS. CO. v. HULL.

No. 2595.  Opinion Filed May 6, 1913.

Rehearing Denied June 10, 1913.

(132 Pac. 657.)

1.  **INSURANCE—Service on Foreign Insurance Company—Repeal of Statute.** Section 5609, Comp. Laws 1909 (Rev. Laws 1910, sec. 4716), being section 3947, Stats. 1893, was not repealed by section 3738, Comp. Laws 1909 (Rev. Laws 1910, secs. 3421, 3422), and service of summons duly made upon the chief officer of the agency of a foreign insurance company, as authorized by section 5609, Comp. Laws 1909 (Rev. Laws 1910, sec. 4716), is valid.

2.  **CORPORATIONS—Foreign Corporations—Service.** The various methods provided by the statute for obtaining service on foreign corporations are cumulative.

(Syllabus by the Court.)

*Error from County Court, Creek County;*
*Josiah G. Davis, Judge.*

Action by M. Hull against the Continental Insurance Company.  Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.
*McDougal & Lytle,* for defendant in error.

DUNN, J.  This case presents error from the county court of Creek county, and presents but one question for our consideration.  The summons issued was served upon the chief officer of an agency of defendant insurance company, a foreign corporation, and, from an order denying the motion of the defendant to quash the service, the cause has been lodged in this court for review.

Section 5609, Comp. Laws 1909 (Rev. Laws 1910, sec. 4716), being section 3947, Stats. 1893, provides in reference to the service of summons on insurance companies:

"Where the defendant is an incorporated insurance company, and the action is brought in a county in which there is an agency thereof, the service may be upon the chief officer of such agency."

It is contended on the part of counsel for defendant that such service was invalid because of the provision of subdivision 4, sec. 3738, Comp. Laws 1909 (Rev. Laws 1910, secs. 3421, 3422), which reads as follows:

"No foreign insurance company shall be admitted and authorized to do business in this state until: * . * * (4) It shall by duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner and his successor, its true and lawful attorney, upon whom all lawful processes in any action or legal proceeding against it may be served and therein shall agree that any lawful process against its, or which may be served upon its, said attorney, shall be of the same force and validity as if served upon the company, and that the authority thereof shall continue in force, irrevocable, as long as any liability of the company remains outstanding in this state. Any process issued by any court of record in this state, and served upon such commissioner by the proper officer of the county in which said commissioner may have his office, shall be deemed a sufficient process on said company, and it is hereby made the duty of the Insurance Commissioner to promptly after such service of process, forward by registered mail, an exact copy of such notice to the company; or, in case the company is of a foreign country, to the resident manager in this country; and . also shall forward a copy thereof to the general agent of said company in this state."

The contention in reference to the foregoing statute is that it provides an exclusive method for serving summons or process upon any insurance company which has complied therewith and appointed the Insurance Commissioner as its attorney in fact for such process; that this act, which was approved March 17, 1909 (Laws 1909, c. 21), repealed section 5609 (sec. 4716), *supra*. In this contention we are not able to concur. The question presented to us for consideration has been passed upon by the Supreme Court of Kansas in the

case of *Jones v. American Central Ins. Co.*, 83 Kan. 44, 109 Pac. 1077, wherein in the syllabus it is said:

"The various methods provided by statute for obtaining service of process on foreign corporations are cumulative."

And also in the case of *Burlington Ins. Co. v. Mortimer*, 52 Kan. 784, 35 Pac. 807, wherein Mr. Justice Johnston, who prepared the opinion for the court, said:

"The principal ground assigned for reversal is that, as no service was made upon the Superintendent of Insurance, no jurisdiction was obtained by the justice of the peace, and therefore the judgment is a nullity. The service was made in pursuance of section 14 of the Justices' Code, which is exactly the same as section 69 of the Civil Code, and reads as follows: 'When the defendant is an incorporated insurance company, and the action is brought in the county in which there is an agency thereof, the service may be upon the chief officer of such agency.' Gen. St. of 1889, par. 4860. If this provision, which has been published in all editions of the General Statutes since 1868, still exists, the service was good, and the judgment based thereon is valid. It is contended that this section has been repealed, and that service must now be made upon the Superintendent of Insurance, as provided by section 41 of chapter 93 of the Laws of 1871, as amended by section 4 of chapter 112 of the Laws of 1875. See Gen. St. of 1889, par. 3354. It is not pretended that there was any express repeal of the provision authorizing the service upon the chief officer of the agency of an insurance company in a county, but it is contended that the later provisions, creating an insurance department in the state and regulating the insurance companies doing business therein, cover the whole subject of the former, and was intended as a substitute for it. We are unable to agree with this contention. It is well settled that repeals by implication are not favored in law, and are only upheld where the new law is in irreconcilable conflict with the former one, or where it obviously covers the whole subject-matter and was plainly intended by the Legislature as a substitute for the other. Courts presume that laws are passed with deliberation and with a knowledge of those in existence, and hence it will be inferred that the Legislature did not intend to abrogate a prior law unless the repugnancy between the two is irreconcilable, or

that the last was manifestly intended to supersede the former. If for any reason both may be given effect and subsist together, it is the duty of the courts to uphold both. The later statute, which it is claimed operates as a repeal of general Code provisions, was enacted to regulate and control the business of insurance transacted in the state. As first enacted, it incidentally made it a condition precedent to the transaction of business within the state that foreign insurance companies should submit to its jurisdiction and should consent that service of process might be made upon any agent of the company within the state, or, where the company had withdrawn from the state, service might be made by sending a copy of the process by mail, addressed to the company at the place of its principal office, when it ceased to do business; and it further provided that this substituted service should be deemed as valid as if it had been made in the ordinary manner. By the amended law of 1875, it was provided that insurance companies, on applying for permission to transact business in the state, must, as a condition precedent, consent that service of process might be made upon the Superintendent of Insurance of this state, and provided the manner in which it should be made. Such companies were required to stipulate and agree that the service so made should be deemed as valid and binding as if due service had been made upon the president or chief officer of the corporation. Instead, therefore, of making the service upon the superintendent exclusive, the language of the statute implies that the other service provided for in the Code might be made. It was the evident purpose of the Legislature to provide an additional method of obtaining service upon and jurisdiction over insurance companies whose agents or officers might be remote from the locality where the contracts of insurance were made. It was not infrequent that insurance companies which had been engaged in business had discontinued their agencies and withdrawn from the localities where policies of insurance had been issued. So that in the enforcement of insurance contracts service of process could not be obtained upon the company, and local policy holders were required to follow the company to some remote place or state, at great inconvenience and loss. To meet such a contingency, the Legislature provided for another method of service by which causes of action might be enforced in the counties in which they arose. The statute

does not contemplate that it is the only method, but obviously treats it as a cumulative, rather than an exclusive, method. It is somewhat similar to the provision with reference to service upon railroad corporations. Chapter 123, Laws of 1871, provided additional facilities for obtaining jurisdiction over such companies, but it has never been contended that this provision superseded or set aside the earlier and general one providing for the service of summons against corporations. The ground that judgment was rendered for an excessive amount might have been a sufficient cause for reversal, if a proceeding in error had been instituted, but it does not avoid the judgment, and is not available in an action to enjoin its enforcement."

See, also, *Federal Betterment Co. v. Reeves,* 73 Kan. 107, 84 Pac. 560, 4 L. R. A. (N. S.) 460.

It is to be noted that the language of the act which it is contended supersedes or repeals the general act is not mandatory in its character; the provision is that process in any action may be served on the attorney appointed, and that such service shall be deemed sufficient process on the said company It does not purport to make the said attorney the exclusive agent for service, and, on the argument presented by Justice Johnston above, we conclude that no repeal was intended.

The judgment of the trial court is therefore affirmed.

All the Justices concur.