## NOBILI v. ALASKA GASTINEAU MINING CO.

(First Division.  Juneau.  June 1, 1914.)

### No 1109–A.

CORPORATIONS ☞668(8)—FOREIGN CORPORATIONS—SERVICE OF PROCESS.

> The service of summons and complaint in this action was made by delivery of both to one R. C. Hurley, the private secretary of Thane, the managing agent of the defendant corporation. and one of the defendant's clerks, and at the time of the service in charge of the general offices of the defendant in Alaska. The defendant corporation had no president, or other head, secretary, or cashier at that time in Alaska. Thane was the managing and statutory agent for defendant residing in Alaska. After due and diligent search the marshal was unable to find Thane, and thereupon delivered the summons and complaint to Hurley, at the offices of the defendant. On motion to quash the service, *held*, the statute does not prescribe the manner of service on the managing agent, and in the absence of any such statute the manner of such service is to be assimilated to the manner of service on an individual defendant who is not found. The manner of the service sustained.

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This suit is against the Alaska Gastineau Mining Company, a foreign corporation. Service of process was made by delivering a duly certified copy of the summons and complaint to one R. C. Hurley.

The corporation appeared specially and moved to quash the service. The record shows the following facts concerning the service:

(1) The defendant corporation has no president, or other head, secretary, or cashier in the district.

(2) The defendant corporation has a managing agent in the district, to wit, B. L. Thane, and said Thane is also statutory agent upon whom service may be made. Said B. L. Thane resides in the district.

(3) Said defendant corporation has general offices in the district.

(4) Said R. C. Hurley is the private secretary of Thane, and is also a clerk of the defendant, and at the time of the service was in charge of the general offices of the defendant.

(5) After due and diligent search, the marshal was unable to find Thane, and so he delivered the summons and complaint to the said Hurley, at the office of defendant.

The motion to quash is on the ground that said service was not made in accordance with section 878, and is based on the said returns and on the affidavit of B. L. Thane. Said affidavit of Thane does not traverse any of the allegations of the returns, but it alleges affirmatively that said Thane has been a resident of Alaska for ten years and that said Hurley was not the president, secretary, cashier, managing agent, or other agent of the defendant.

The statute relating to service of summons is as follows:

"Sec. 878. The summons shall be served by delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent, or attorney, or by the clerk of the court as follows:

"First. If the action be against a private corporation, to the president or other head of the corporation, secretary, cashier, or managing agent, or, in case none of the officers of the corporation above named shall reside or have an office in the district, then to any clerk or agent of such corporation who may reside or be found in the district, or if no such officer be found, then by leaving a copy thereof at the residence or usual place of abode of such clerk or agent;

"Second. If against any incorporated town, school district, or other public corporation in the district, to the clerk of such incorporated town, school district, or other public corporation;

"Third. If against a minor under the age of fourteen years, to such minor personally, and also to his father, mother, or guardian, or if there be none within the district, then to any person having the care or control of such minor, or with whom he resides, or in whose service he is employed;

"Fourth. If against a person judicially declared to be of unsound mind, or incapable of conducting his own affairs, and if a guardian has been appointed, to such guardian and to the defendant personally;

"Fifth. In all cases, to the defendant personally, or if he be not found, to some person of the family above the age of fourteen years at the dwelling house or usual place of abode of the defendant."

J. H. Cobb, of Juneau, for plaintiff.
Z. R. Cheney, of Juneau, for defendant.

JENNINGS, District Judge. In considering the matter of the service of the summons here, it may be conceded, as contended for by movant, that delivery of summons and complaint may be made upon a mere clerk of the corporation in those cases only where none of the superior officers named in the statute is found or resides or has an office in the district; and we may dismiss from consideration any question of the delivery of the process to the president, or other head, secretary, or cashier, because, by the admitted facts, there were no such officers of the defendant corporation in Alaska; so we have to do here with the managing agent only.

Section 878 provides: The summons is to be served by delivery of copy (1) to the managing agent; (2) if the managing agent is not found, and if he does not reside and does not have an office in the district, then the copy may be delivered to a clerk.

This is to say that, if either one of the three contingencies exist, the summons is not to be delivered to a mere clerk. It also implies, although it does not expressly state, that if the managing agent is not found, but has an office in the district, it may be served upon him by delivery at that office; otherwise, what will "residing or having an office in the district" have to do with the matter? Those words are used; they mean something. They cannot mean anything, unless the evident omission is supplied by construction.

It will be observed that subdivisions first and second of section 878, which refer to service on corporations, do not use the word "personally"; whereas subdivisions third and fourth of said section, referring to service upon individual defendants, do use that word. I think that the nonuse and the use of that word "personally" in the said sections is not without significance.

If Thane had been sued and had not been found, the process could have been delivered "to some person of the family above the age of fourteen years, at the dwelling house or usual place of abode of the defendant." He is not sued, but he stands for, and represents, the corporation which is sued, and, so standing, there can be no doubt that in his absence the summons can be delivered to some person of the family over the age of 14 years at his dwelling house or usual place of abode. State Ins. Co. v. Oklahoma, 21 Okl. 823, 97 Pac. 574.

Such service would be effective as service on the corporation, by analogy to the provisions of the statute as to service on an individual who cannot be found, because the statute does not prescribe the manner of service on the managing agent, and in the absence of such statute the manner of service is to be assimilated to the manner of service on an individual defendant who is not found. 21 Okl. 823, 97 Pac. 574. Now, under our statute, the analogy would be equally applicable to cases where the managing agent "has an office within the district," for the language of the statute is "reside or have an office in the district." The corporation's residence is at the general offices of the company; and for the marshal to leave the process, in Thane's absence, at the general offices of the company, with Thane's private secretary, who had charge of those offices, may well be held, by analogy or assimilation, to have been service upon Thane—not as an individual, but as the managing agent of the company. It may be said that the analogy is not complete, because the return does not show that Hurley is a member of the family above the age of 14 years. The private secretary of an official may well be held to be a member of that official's official family, and even if the court did not know as a fact that Mr. Hurley is a grown man, nearer 40 than 14 years of age, it will assume, in the absence of a showing to the contrary, that the private

secretary of a managing agent of a mining company left in charge of the office is, ex vi termini, over 14 years of age.

The service will be held to be good; not, however, on account of the fact that Hurley is a clerk, but on account of the fact that, the managing agent being not found, the delivery is shown by the record to have been made to a responsible person at the office of the managing agent, to wit, the private secretary of the managing agent, in charge of the office of said managing agent.

In the cases of Settlemier v. Sullivan, 97 U. S. 447, 24 L. Ed. 1110, and of Trullenger v. Todd, 5 Or. 37, the defendants were individuals and the cases decide only this: That substituted service will not be sufficient, unless it be shown that the individual himself cannot be found.

Those cases are in reference to the application of subdivision fifth of section 878, C. L., which expressly provides that the process must be served upon the defendant personally, and that it is only when he cannot be found that it can be served on a member of his family; whereas, the case at bar does not come under that subdivision at all, but it does come under subdivision first of the section, which contains no such provisions as subdivision fourth.

Neither can there be any quarrel with the holding in the case of Miller v. Norfolk (C. C.) 41 Fed. 431, but the statute of West Virginia is not like our first subdivision of section 878; nor with the holding in Collins v. American (C. C.) 96 Fed. 133, for the statute of Illinois likewise differs from ours.