### CONCORDIA FIRE INS. CO. of MILWAUKEE v. BARKETT et al.

No. 15632—Opinion Filed June 2, 1925.

1. **Insurance—Fire Policy — Waiver of Right to Appraisal by Denial of Liability.**

The provision of a fire insurance policy providing that in case of loss and failure to agree on the amount of loss there shall be an appraisement by three competent and disinterested appraisers, one of whom to be chosen by the insured and one by the company, and the third by the two thus chosen, is waived by the insurer by denial of liability prior to demand for such appraisement.

2. **Same—Action on Policy—Amount of Loss—Sufficiency of Evidence.**

Record examined, and held, that the verdict is reasonably supported by the evidence as to the amount of loss, and is otherwise without prejudicial error.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by N. G. Barkett et al. against the Concordia Fire Insurance Company of Milwaukee. From judgment for plaintiffs, defendant appeals. Affirmed.

Ross & Thurman, for plaintiff in error.

McLaury & Hopps and Albert L. McRill, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiffs sued on two fire insurance policies, aggregating $7,000, covering their stock of merchandise destroyed and damaged by fire on February 21, 1923. Judgment on verdict was for plaintiffs for $4,000. Defendant prosecutes error. The following facts are either not disputed or are supported by sufficient quantum of evidence to sustain the verdict: That on the day following the fire the adjuster of defendant, together with an appraiser of stocks, went to the scene of the loss and inventoried and appraised the salvage; that within a day or two, defendant, through its adjuster, offered plaintiffs $1,348, in settlement of the loss; that a few days thereafter defendant's adjuster advised plaintiffs that the defendant would have nothing further to do with the loss—that all offers were withdrawn, and, in substance, that the defendant denied liability; that thereafter plaintiffs had the salvage reappraised and sold same for $1,231, which was in excess of the value placed thereon by any witness; that thereafter plaintiffs made proof of loss, giving credit for salvage sold; that the adjuster knew prior to demand for appraisement that the salvage had been sold (the adjuster so testifying); that thereafter defendant demanded an appraisement pursuant to the terms of the policies; that an appraisement was duly executed by the parties and appraisers appointed, who reported that the damaged property could not be appraised for that the salvage had been disposed of; that the policies contained the standard form provisions that in the event of disagreement as to the amount of loss, same could be ascertained by two competent and disinterested appraisers, each party selecting one and they, an umpire, the award of any two to determine the amount of loss; that the loss should not become payable until 60 days after notice, ascertainment, estimate, and satisfactory proof of the loss were received by the company, including such award, when appraisement is required; that the defendant had the option to take the articles at the appraised value, or replace them on giving notice, within 30 days after the receipt of proof; that plaintiff should give immediate notice of any loss and protect the property from further damage, separating the damaged property, making inventory of same, showing cost and amount claimed, etc. The decisive question involves

the claim of defendant that its rights under said provisions were violated in consequence of the failure to appraise.

Such appraisement becomes a condition precedent to suit when the insurer makes demand therefor. American Ins. Co. v. Rodenhouse, 36 Okla. 211, 128 Pac. 502; Oklahoma Fire Ins. Co. v. Mundell, 42 Okla. 270, 141 Pac. 415. Said denial by defendant of liability waived the right of defendant to have appraisement. 26 C. J. 431, sec. 574; Home Insurance Co. v. Ballard, 32 Okla. 723, 124 Pac. 316; Oklahoma Fire Ins. Co. v. Mundell, supra. It also constituted a waiver of proof of loss. Oklahoma Fire Ins. Co. v. Wagester, 38 Okla. 291, 132 Pac. 1071; American Nat. Ins. Co. v. Donahue, 54 Okla. 294, 153 Pac. 819; Federal Life Ins. Co. v. Lewis, 76 Okla. 142 183 Pac. 975; Springfield Fire Ins. Co. v. Donahoe, 87 Okla. 78, 209 Pac. 442. As a sequitur thereof, the denial of liability necessarily waived the right of defendant, under its policies, to take over or to replace the damaged goods. The fact that the salvage sold for more than was shown to be its reasonable value is a further reason why defendant was not prejudiced in this behalf. The record tends to show that plaintiffs, after defendant had denied liability, executed the appraisement agreement in the hope of securing an adjustment and prompt settlement of the loss after deducting the value of the salvage. It does not appear what the purpose of defendant was in executing the appraisement agreement and appointing appraisers, knowing there were no goods to appraise.

The instructions of the court, complained of by defendant, clearly and correctly advised the jury that defendant waived its right to appraisement if, prior to demand therefor, defendant notified plaintiffs that defendant refused to have anything more to do with the loss and refused to pay any sum whatsoever under the policies. Nor is there any merit in the assignment that plaintiffs failed to prove the character and amount of their stock at the time of the fire by the original invoices and books of plaintiffs as the best evidence. The policies did not contain such provisions as to book warranty. If they had, such provisions would be for the purpose of data for the parties in investigating the extent of the damage. Fidelity & Deposit Co. of Maryland v. Wood, 88 Okla. 95, 212 Pac. 132. Plaintiffs could prove their loss by any competent testimony. The verdict is reasonably supported by other evidence of the value of the stock prior to the fire, and value

of salvage, and the amount recovered. We deem it unnecessary to consider other assignments of error. Let the judgment be affirmed.

By the Court: It is so ordered.

Note—See under (1) 26 C. J. p. 431; Anno. 15 L. R. A. (N. S.) 1073, et seq.; 14 A. L. R. 221; 14 R. C. L. pp. 1357, 1358; 3 R. C. L. Supp. p. 390; 4 R. C. L. Supp. p. 966. (2) 4 C. J. p. 853.