## JOHN HANCOCK MUTUAL LIFE INS. CO. v. STATE ex rel. STANFIELD, County Atty.

No. 28097.   Sept. 13, 1938.

Cohoon & Heiple, for plaintiff in error.

W. V. Stanfield, Hoyt Driskill, and Turner M. King, for defendant in error.

RILEY, J. This is an appeal from a judgment rendered in the district court of Pontotoc county in an action commenced by the State of Oklahoma ex rel. W. V. Stanfield, county attorney, against John Hancock Mutual Life Insurance Company and other defendants.

The parties are herein referred to as they appeared in the trial court. The action is to forfeit or escheat 410 acres of land in said county alleged to have been acquired by defendant by purchase at a sale following the foreclosure of a mortgage on said land by defendant, and owned and held by defendant for more than seven years after it acquired title to said land, in violation of and contrary to the provisions of section 2, art. 22, of the Constitution, and in violation of and

contrary to the provisions of sections 1635 to 1641, inc., O. S. 1931.

Plaintiff alleged in the petition that defendant John Hancock Mutual Life Insurance Company was a foreign corporation having its principal place of business at 197 Clarendon street, Boston, Mass. William Griffin and Toss Hoosier were made parties defendant, it being alleged that they were tenants of the defendant insurance company, having no right, title, or interest in said land other than as mere agricultural tenants in possession as such.

The petition was filed June 25, 1935. Summons was regularly issued and served upon said Griffin and Hoosier.

Affidavit to obtain service by publication on all parties interested in said land, and publication of such notice was made and proof thereof filed with the clerk of the court as required by section 1638, O. S. 1931.

Affidavit of mailing copy of the petition and publication to John Hancock Mutual Life Insurance Company within six days after the first publication was made and filed. On the same day the petition was filed, a summons was issued directed to John Hancock Mutual Life Insurance Company, Boston, Mass., notifying it that it had been sued, and must answer the petition within 60 days from the date of service of said summons. This summons was served on said company by John J. Horgan, deputy sheriff of Suffolk county, Mass., on July 1, 1935. The return shows that it was served by delivering a true and certified copy thereof to Fred P. Hayward, treasurer of said defendant corporation. Proof of said service was made by affidavit as provided by law. The return was later, by order of court, amended so as to show that the president, chairman of the board of directors or trustees, or other chief officer of said corporation was not found in said county.

On July 26, 1935, defendant insurance company filed its special appearance and motion to quash service on it by publication, and on July 28th, it filed a like appearance and motion to quash the service of summons directed to it and served on it in Boston, Mass.

Both motions set up several alleged irregularities in the service attacked, but the principal ground relied upon was that the State Insurance Commissioner had been duly and legally appointed and designated as the service agent of said defendant company in Oklahoma. In connection with each motion a duly certified copy of the appoint-ment and designation of the Insurance Commissioner of the state, or his successor in office, as its true and lawful attorney upon whom all lawful processes in any action or proceeding against said company in said state may be served was attached. This appointment was dated November 15, 1934, and provided that it should continue in force as long as any liability remains outstanding against said company in this state, and shows that it was filed in the office of the Insurance Commissioner on November 23, 1934.

These motions were overruled, and defendant saved its exceptions. Thereafter the defendant filed its answer. Trial was had, resulting in a judgment declaring said land escheated to the state of Oklahoma, and divesting all right, title and interest of the John Hancock Mutual Life Insurance Company, and vesting, confirming, and quieting title thereto in the state of Oklahoma, and perpetually barring said defendant and those claiming under it from asserting any right, title, or interest therein. From said judgment defendant appeals.

There are 35 assignments of error, many of which are repetitions. The first, second, third, thirteenth, and sixteenth assignments of error go to the order of the court overruling the motions of defendant to quash the purported service of summons by publication and the purported personal service of summons on defendant insurance company out of the state.

In Nicoll et ux. v. Midland Savings & Loan Co., 21 Okla. 591, 96 P. 744, it is held:

"Where the affidavit for service on a foreign corporation by publication (section 4276, Wilson's Rev. & Ann. St. 1903) does not allege that such corporation had failed to comply with the requirements to do business in the territory of Oklahoma, including the designation of an agent upon whom service may be had, a judgment rendered thereon without further notice upon or any appearance by such corporation is void."

In the body of the opinion it is said:

"However, service by publication was not proper where personal service could be had within that jurisdiction."

The record conclusively shows that such service agent had been appointed in this state. The record further discloses that plaintiff knew of the designation of the Insurance Commissioner as service agent of the defendant company in time to have obtained service within 60 days after the petition was filed. It shows that a praecipe was filed August 9, 1935, for summons directed to the sheriff of Oklahoma county commanding him

to notify Jess Read, service agent of defendant, etc No such summons appears to have been issued or served.

Plaintiff cites and relies upon Continental Ins. Co. v. Hull, 38 Okla. 307, 132 P. 657, as authorizing service by publication and personal service of summons out of the state. Paragraph 2 of the syllabus in that case reads:

"The various methods provided by the statute for obtaining service on foreign corporations are cumulative."

Taken literally, that statement might be taken to mean all the methods provided by law, including service by publication and personal service of summons out of the state. But when read in connection with paragraph 1 of the syllabus and the opinion of the court as a whole, it is quite clear that it is intended only to refer to personal service sufficient upon which to base a personal judgment. Since the decision in that case in 1913, it has been the law that as to foreign insurance corporations licensed to do business in this state, service of summons might be had upon the duly designated service agent, if any, under sections 3421, 3422, Rev. St. 1910, sec. 6683, C. O. S. 1921, ch. 131, S. L. 1925. section 10474, O. S. 1931; or where the action is brought in a county in which there is an agency of such company, service might be had upon the chief officer of such agency, under section 4716, Rev. Laws 1910, sec. 244, C. O. S. 1921, sec. 177, O. S. 1931; and that such methods are cumulative. But see article 1, ch. 51, S. L. 1937, wherein section 1 seems to make the first method exclusive, and section 2 of the same act, which expressly provides that the service provided in the act "shall be cumulative and shall not affect any other service now authorized by law." If the law on the subject was ambiguous before, it is now doubly so. But it has never been held that the methods for personal service within the state and for service by publication are cumulative in the sense that the one may be substituted for the other, or that either method may be used.

Personal service of summons out of the state is provided for in section 188, O. S. 1931. but it is only in cases where service may be made by publication, and with the proviso that such service shall have the same force and effect as service obtained by publication, and no other or greater force and effect.

We pointed out that in Nicoll v. Midland Savings & Loan Co., supra, it was said that service by publication was not proper where personal service could be had within this

jurisdiction. It follows, then, that neither the service by publication nor the personal service out of the state was good, because personal service might and could have been made within the state. It was error to overrule the motion to quash.

This requires a reversal of the judgment. Section 1636, under which the proceedings were commenced, was repealed, section 14, art. 1, ch 46, S. L. 1937, but we deem it unnecessary to consider at this time the effect of such repeal as to this case.

Judgment reversed.

OSBORN, C. J., BAYLESS, V. C J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. DAVISON, J., absent.