KELLEY v. TRAVELERS INDEMNITY CO. et al.

No. 32948.   Sept. 16, 1947.

*184 P. 2d 759.*

A. C. Elliott, of Tulsa, and Charles G. Watts and Gordon Watts, both of Wagoner, for plaintiff in error.

Monnett, Hayes, & Brown, of Oklahoma City, for defendant in error Travelers Indemnity Company.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendant in error Manhattan Fire & Marine Insurance Company.

DAVISON, V.C.J.   This is an appeal from an order of the district court of Wagoner county sustaining motions to quash the issuance, service and return of summons as to the defendants Travelers Indemnity Company and the Manhattan Fire & Marine Insurance Company, foreign corporations.

Plaintiff alleged in his petition that said defendants were foreign insurance corporations duly licensed to do, and doing, business in this state. Summons was issued by the court clerk of Wagoner county to the sheriff of Tulsa county, who made the same amended return as to both companies, except as to names, as follows:

"Received this writ this 15th day of October, 1942, at . . . . ., o'clock and served same on Travelers Indemnity Co., a corporation defendant, by leaving a copy thereof with all endorsements thereon, duly certified by me to be a true copy thereof, at the office or usual place of business of said defendant corporation in Tulsa County, Oklahoma, with Vernon P. McComb on the 16th day of October, 1942, he being the person having charge of said office, no agent having been duly appointed to receive service of process by said defendant corporation in said county, and the President, Chairman of Board of Directors or Trustees, or other Chief Officer, Cashier, Treasurer, Secretary, Clerk or Managing Agent of said defendant corporation not being found in said county."

Defendant's position is that service of summons should have been had upon the Commissioner of Insurance as provided by 36 O.S. 1941 §101a. Plaintiff contends that by section 36 O.S. 1941 §101b, the method of service provided by the first section above is' cumulative and that service may be had under the general statutory provision for service of summons on corporations (12 O. S. 1941 §163), and that this latter section was complied with herein.

Defendants rely almost entirely upon the opinion of this court in the case of John Hancock Mut. Life Ins. Co. v. State ex rel. Stanfield, Co. Atty., 183 Okla. 339, 82 P. 2d 808. The question there presented dealt with the prerequisites of obtaining service by publication, and, although in harmony with such position, did not determine the precise proposition here involved.

In holding that "the various methods provided by statute for obtaining service of process on foreign corporations are cumulative" (Continental Ins. Co. v. Hull, 38 Okla. 307, 132 P. 657), this court further said, with reference to sec. 101a, title 36 O.S. 1941, supra:

"It is somewhat similar to the provision with reference to service upon railroad corporations."

A situation very similar to that herein but dealing with service upon a railroad corporation was presented in Kansas, Oklahoma & Gulf Ry. Co. v. Hill, 186 Okla. 531, 99 P. 2d 115, wherein the following language was used:

"The statute has divided the officers, agents and employees into two classes, and service upon one class is primary to service upon the other, and before service had upon those of the second class can give the courts jurisdiction it must appear affirmatively, by recitation, that service could not be had upon those persons embraced in the first class, on account of the existence of the causes for which the statute authorizes service upon the persons embraced in the second class."

Therein we held that the return of the officer must negative the appointment of an agent for service of summons before persons in the second group can be served. There is this difference in the law with reference to railroad corporations and insurance corporations. The first must appoint a service agent in each of the various counties, while the latter must appoint the State Commissioner of Insurance, upon whom service may be had, of process from the courts of any county. This appointment must be made before such corporation may be licensed to do business in this state.

The allegation in the petition that these defendants were so licensed, indirectly admitted such appointment. The return of the sheriff showing that "no agent (had been) appointed to receive service of process . . . in said county" was not sufficient to authorize him to serve the summons on a person in the secondary group.

Therefore, in the instant case, service was not had under the provisions of either of the above statutes. No service was had on the Insurance Commissioner, as provided by 36 O.S. 1941 §101a; nor did the return of the summons, by the officer, show that it was impossible to serve the same upon "an agent duly appointed to receive service of process", which was necessary to authorize service upon one of the second group of persons enumerated in 12 O.S. 1941 §163. The return was limited by the words "in said county".

This determines the question and there is no necessity of discussing the validity of a summons, issued from the district court in Wagoner county, being served by delivery to the person in charge of the office in Tulsa county.

The judgment is affirmed.

HURST, C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.