**FIDELITY–PHENIX FIRE INSURANCE COMPANY OF NEW YORK,**
Plaintiff in Error,

**v.**

**Archie V. PENICK, Defendant in Error.**

**No. 40104.**

Supreme Court of Oklahoma.

Feb. 16, 1965.

Rehearing Denied April 20, 1965.

Clarence P. Green, Oklahoma City, for plaintiff in error.

Vernon C. Field, Lawton, for defendant in error.

IRWIN, Justice.

Archie V. Penick commenced proceedings on March 22, 1961, against Fidelity-Phenix Fire Insurance Company to recover under the terms of a fire insurance policy issued by the defendant insurance company for loss sustained as a result of a fire. The jury returned a verdict in favor of the plaintiff and judgment was rendered thereon. The defendant insurance company, hereinafter referred to as defendant, appeals from the order overruling its motion for a new trial.

On appeal the defendant does not challenge the rights of plaintiff to recover under the terms of the policy if he had complied with the terms thereof, nor does it challenge the sufficiency of the evidence to sustain the verdict and the judgment rendered thereon. Defendant does challenge, however, the validity of the service of summons and plaintiff's alleged failure to comply with the appraisal clause of the policy prior to the time the action was filed and within twelve months after the loss occurred. Defendant's specifications of error will be considered under separate propositions and only that portion of the record necessary to determine this cause will be set forth in such propositions.

### PROPOSITION I

Mr. Clarence Botts of Lawton, Oklahoma, is defendant's agent in Comanche County, Oklahoma, and summons was served on Botts by leaving at his usual place of residence, with Mrs. Botts, a member of his family over 15 years of age, a true and certified copy thereof. Defendant is a foreign corporation, authorized to do business in the State, and apparently the summons was issued and served under the provisions of Title 12 O.S. 1961, §§ 159 and 164, and Title 39 O.S. 1961, § 106. Sec. 159, supra, provides:

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

Section 164, supra, provides:

"Where the defendant is an incorporated insurance company, and the action is brought in a county in which there is an agency thereof, the service

may be upon the chief officer of such agency."

Section 106, supra, contains the same language as section 164, quoted above.

Defendant challenged the service of process in the lower court and on appeal contends that the summons as served was insufficient to confer jurisdiction. Defendant argues that the only and exclusive method of serving a foreign insurance company was upon the Insurance Commissioner as provided by Title 36 O.S.1961, § 621, which provides:

"A. Each authorized foreign or alien insurer shall appoint the Insurance Commissioner as its attorney to receive service of legal process issued against it in Oklahoma upon any cause of action arising from its transaction of business in the State of Oklahoma.

* * *

"B. Service of such process against a foreign or alien insurer *shall be made only by service of process upon the Insurance Commissioner. * * ***" (Emphasis ours.)

The above statutory provisions became effective in 1957 by enactment of H.B. No. 501, and designated as Oklahoma Insurance Code. See 1957 Session Laws, pp. 215–409. This act repealed Title 36 O.S. 1951, § 101a, which provided, inter alia, that legal process may be served upon the Commissioner of Insurance or upon the duly appointed and acting Assistant Commissioner of Insurance.

Prior to the effective date of the 1957 enactment, it could not be seriously contended that service upon the Insurance Commissioner or the duly appointed and acting Assistant Commissioner was the exclusive and only method of service upon a foreign insurance company, because Title 36 O.S. 1951, § 101b, which was not repealed until 1957, specifically prescribed that service therein provided " * * * shall be cumulative and shall not affect any other service now authorized by law."

In 1961, the Legislature enacted Title 36 O.S. 1961, § 623, which became effective after the legal process in the instant action was served and returned. This section provides that "[w]hen legal process against an insurer for whom the Insurance Commissioner is attorney is issued, it may be served by any manner now provided by law or in lieu thereof by mailing triplicate copies of such legal process * * * to the Insurance Commissioner * * *" In 1963, the Legislature by enactment of S.B. No. 49, specifically repealed Title 12 O.S. 1961, § 164, and Title 39 O.S. 1961, § 106. See 1963 Session Laws, Chapter 24, p. 24.

In analyzing the above statutory provisions, we find that if we hold the 1957 enactment (sec. 621, supra) provided the exclusive and only method of legal process upon a foreign insurance company during the period of time between the effective date of the 1957 enactment and the effective date of the 1961 enactment which provides service may be had by mailing, we would necessarily have to not only hold that such enactment, repealed by implication, Title 12 O.S. 1961, § 164, and Title 39 O.S. 1951, § 106, but also hold that if legal process could not have been served upon the Insurance Commissioner, service of process could not have been had against a foreign insurance company unless service by publication would have been proper under certain circumstances.

In other words, if we would sustain the contentions of the defendant, if legal process could not have been served upon the Insurance Commissioner between the effective date of the 1957 enactment and the effective date of Title 36 O.S. 1961, § 623, service of process could not have been had in the instant case. We do not believe the Legislature intended or by Legislative enactment placed such a restriction upon the method for obtaining legal process against a foreign insurance company.

In John Hancock Mutual Life Insurance Co. v. State, 183 Okl. 339, 82 P.2d 808, we said the various methods provided by the statute for obtaining service on foreign cor-

porations are cumulative. See also Continental Ins. Co. v. Hull, 38 Okl. 307, 132 P. 657.

We can only conclude that when the legal process in the instant action was issued and served, the various methods provided by the statutes for obtaining service on foreign insurance companies remained cumulative, even though Title 36 O.S. 1951, § 101b enacted in 1937 was repealed in 1957 (see John Hancock Mutual Life Insurance Co. v. State, supra), and that service upon the Insurance Commissioner was not the only and exclusive method of serving a foreign insurance company.

In this proposition defendant also argues that service of process could not be obtained by leaving a copy of the summons at defendant's agent's usual place of residence with some member of his family over 15 years of age, as provided by Title 12 O.S. 1961, § 159.

In State Life Ins. Co. of Indianapolis, Ind. v. Oklahoma City Nat. Bank, 21 Okl. 823, 97 P. 574, we held:

"In a suit against a foreign corporation which has appointed a service agent in accordance with the terms of section 266, art. 23, c. 18 (section 1227) Wilson's Rev. & Ann.St.Okl. 1903, service of summons may be made upon such agent by delivering a copy thereof either personally or by leaving the same at his usual place of residence."

In the above case we said that the "agent thus appointed for the purpose of service stands in the place of a foreign corporation. He is the defendant for the purpose of service in the territory, and as the statute providing for his appointment does not prescribe specifically the manner in which he shall be served, we must look to the general statutes to ascertain it."

The above case has never been overruled by this Court and we can see no reason why the same would not be controlling in the case at bar. Applying such rule to the instant action the service of process herein was proper.

However, in reconsidering the State Life Ins. Co. case in connection with our statutory provisions, we feel that the State Life Ins. case should be overruled and our decision overruling such case should be prospective only and the same should not invalidate the legal process in the instant action. See Curtis v. Barby, Okl., 366 P.2d 616; and Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515.

The basis for overruling the State Life Ins. Co. case is premised upon the following reasons. Title 12 O.S.1961, § 159, provides that service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age. The above provision relates solely to an *individual* defendant and not to a corporate defendant as those terms are generally employed. An agent of a foreign insurance company upon whom legal process may be served, is not a defendant in an action against such company, and no judgment can be rendered against him in his individual capacity, unless such agent is made a party defendant and legal process is served upon him as an individual as provided by law. Where legal process is had against a foreign insurance company by service of summons on its agent as provided by law, such agent is not a party defendant, but only a service agent. See Reader v. District Court of Fourth Judicial Dist., 98 Utah 1, 94 P.2d 858; and Dunham v. General World Sales & Service, Inc., 87 Pa.Dist. & Co.R. 605.

In A & A Tool & Supply Co. v. Gray, 192 Okl. 657, 140 P.2d 926, we said:

" * * * The language of 19 C.J.S., Corporations, p. 995, § 1312, is: 'The rationale of all rules of service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him.' * * * "

Service of summons against a foreign corporation, by leaving a copy thereof at the usual place of residence of such company's service agent, with some member of the service agent's family over fifteen years of age, as approved in the State Life Ins. Co. case, does not meet " [t]he rationale of all rules for service of process on corporations."

We therefore specifically overrule the case of State Life Ins. Co. of Indianapolis, Ind. v. Oklahoma City Nat. Bank, 21 Okl. 823, 97 P. 574, in so far as the same relates to service of process against a foreign corporation. We hold that the rule of law announced herein shall be prospective only and shall not invalidate the service of process in the instant action. We therefore hold the service of process in the instant action was proper.

## PROPOSITION II

Prior to the filing of the action, the parties could not agree on the amount of the loss sustained by plaintiff nor did defendant admit liability. The defendant, by letter demanded an appraisal as allegedly provided for in the insurance policy. The last paragraph of the letter of demand stated:

"You are informed that this letter relates solely to the determination of the amount of actual cash value and loss; it is not intended and shall not be taken to be a waiver of any of the provisions of said policy of insurance or of any rights of this company or of any of your duties or obligations nor is this letter in any sense an admission of any liability on the part of this company to you either under the above policy of insurance or at all."

Thereafter, plaintiff's attorney advised the company "that we do not desire to submit to arbitration in regard to this loss", and approximately 75 days later commenced this action.

Plaintiff later amended his petition and alleged that he was willing to comply with the terms of the policy as to appraisals and

advised the defendant by letter that he was agreeable to an appraisement. The amended petition was filed and the plaintiff's letter was written more than twelve months after the loss was sustained. In defendant's answer to plaintiff's amended petition, it is alleged that plaintiff's claim "is barred by limitations in that plaintiff did not comply with the conditions of the policy within twelve months next after inception of the loss".

In this proposition plaintiff sets forth three specifications of error wherein it contends that (1) the appraisal provisions of the statutory fire insurance policy are binding upon the parties; (2) where an appraisal of the amount of loss is made a condition of recovery by the policy, compliance with the appraisal provisions on demand of the insurer is a condition precedent to insured's action on the policy; and (3) since the plaintiff failed to submit to an appraisal of his loss within twelve months after the loss occurred the commencement of the action without complying with conditions precedent (submitting to an appraisal) was premature and did not arrest the running of the Statute of Limitations.

Although the policy under consideration contains the appraisal clause and the provision that no suit or action shall be sustainable unless all the requirements of the policy shall have been complied with, and unless commenced within twelve months next after inception of the loss; we find the controlling issue to be is under what conditions may an insurance company impose the appraisal clause as a condition precedent to insured's action on the policy.

In construing the last paragraph of defendant's letter demanding an appraisal, wherein it is stated "nor is this letter in any sense an admission of any liability on the part of the company to you either under the above policy of insurance or at all", we find defendant's letter of demand, in substance, not only demanded that plaintiff comply with the appraisal clause and pay his proportionate share of the appraisal,

but defendant unqualifiedly reserved the right to litigate the question of liability.

In this connection, we are not herein concerned as to whether an insurer could or could not reserve the question of liability in its demand that insured comply with an appraisal clause; or whether, an insurer could litigate the question of liability after an insured had complied with a demand of appraisal; but the sole issue here is this: "Where an insurer demands that an insured comply with the appraisal clause in a fire insurance policy, and in such demand the insurer reserves the question of liability, does the insurer's reservation of the right to litigate the question of liability waive the provisions of the appraisal clause as a condition precedent for insured to file an action against the insurer?"

Defendant's theory would sustain the proposition that where an insurer demands an insured to submit his loss to appraisers and in such demand reserves the question of liability, an action could not be maintained against the insurer on the policy until the insured complied with the demand for an appraisal.

The appraisal clause becomes effective in case the insured and insurer fail to agree as to the amount of the loss and "on the written demand of either". If defendant had not demanded an appraisal under the circumstances presented, it could not be seriously contended that the appraisal clause would have any force or effect in the instant action, as such appraisal clause would not constitute a condition precedent until a demand was made.

In 3 A.L.R.2d, page 409, we find this language:

"§ 10. American rule.

"Where an insurance policy contains a clause providing in substance that questions as to the amount of loss or damages must be submitted to third persons for determination, in case of disagreement between the parties, before the insured may maintain an action on the policy, most American courts have held

that if the insurance company takes a stand of unconditional or total denial of any liability on the policy itself, the insured may maintain an action thereon notwithstanding there has been no such determination of loss or damages by third persons as required by the 'appraisement' or limited 'arbitration' clause. The insurer is generally regarded as having relinquished or as having barred itself of any right to insist on appraisement or arbitration, and frequently it is asserted that the clause has been 'waived'."

In Concordia Fire Ins. Co. of Milwaukee v. Barkett, 110 Okl. 177, 236 P. 890, we held:

"The provision of a fire insurance policy providing that, in case of loss and failure to agree on the amount of loss, there shall be an appraisement by three competent and disinterested appraisers, one of whom to be chosen by the insured, and one by the company, and the third by the two thus chosen, is waived by the insurer by denial of liability prior to demand for such appraisement."

In 29A Am.Jur. Insurance, Sec. 1617, page 703, it is stated:

"A clause in an insurance policy providing for arbitration or appraisal of the loss or damage as a condition precedent to a suit by the policyholder to recover insurance is inserted wholly for the protection of the insurer and may be waived by it. Such waivers need not be expressed in terms, but may be implied by the acts, omissions, or conduct of the insurer or its agents authorized in such respect. The benefit of such a clause may be deemed waived if the insurer attempts to enforce it oppressively or in bad faith. To a similar effect, a denial of all liability under a policy is usually treated as a waiver of the right to an appraisal, and some courts have refused to give effect to the arbitration clause except where the insurer admitted liability and

desired an appraisal to ascertain the amount thereof. Other courts, however, hold that neither the failure to admit liability nor the demand for arbitration is equivalent to denial of liability which amounts to a waiver of arbitration."

In this action the question of arbitration to determine liability is not an issue.

In analyzing the letter of demand, we find the insurer is attempting to require the recognition and enforcement of all rights and obligations incurred under the policy against the insured, but at the same time is attempting to reserve the right to litigate the question of liability. We find no material distinction between an insurer denying liability and an insurer demanding the insured to comply with the appraisal clause of a policy and in the letter of demand reserves the right to litigate the question of liability.·

We can only conclude that under the Standard Fire Insurance Policy as prescribed by Title 36 O.S.1961, § 4803, which contains an appraisal clause, if the insured and insurer fail to agree as to the actual cash value or the amount of loss sustained under the terms of the policy, the provisions of such policy which provides that no suit or action on the policy for recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of the policy shall have been complied with, and unless commenced within twelve months next after inception of the loss; that the appraisal clause does not constitute a condition precedent for maintaining a suit or action within twelve months next after inception of the loss, if the insurer in his demand for an appraisal, reserves the right to litigate the question of liability.

In the instant action, the defendant, although it made a demand that plaintiff submit his loss to appraisers, reserved the question of liability in its letter of demand. Such reservation waived the appraisal clause as a condition precedent for plaintiff to commence this proceeding which was instituted within twelve months after inception of the loss. We therefore hold that

plaintiff's refusal to submit his loss to appraisers was not a condition precedent to his commencing the instant proceeding and the twelve months limitation has no application.

Finding no error in the record, the judgment of the trial court is accordingly affirmed.

HALLEY, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and BERRY, JJ., concur.