John E. LOUTHAN, Irene Louthan, Lewis Leroy Louthan, Ivan A. Hawkins, and Vada G. Hawkins, Appellees,

v.

AMOCO PRODUCTION COMPANY, Appellant.

No. 55774.

Court of Appeals of Oklahoma, Division No. 2.

July 13, 1982.

As Corrected July 21, 1982.

Rehearing Denied Aug. 24, 1982.

Certiorari Denied Oct. 4, 1982.

Released for Publication by Order of Court of Appeals Oct. 8, 1982.

C.D. Curtis, John W. McCue, II, Curtis, McCue, Schoeppel & Hallren, Fairview, for appellees.

C. Harold Thweatt, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Frank W. Wewerka, Denver, Colo., for appellant.

BRIGHTMIRE, Judge.

On December 10, 1961, Amoco Production Company completed an oil well, Lawton "A", to the Chester stratum on its 160-acre lease in the northwest quarter of the southeast quarter of a certain section 20 in Major County, Oklahoma. At the request of another mineral owner in section 20, the Oklahoma Corporation Commission established 640-acre spacing for the Chester horizon June 12, 1970. This action was filed September 28, 1978, by the owners of minerals underlying three other tracts in section 20, John and Irene Louthan, Lewis Louthan and Ivan and Vada Hawkins,[1] seeking judicial establishment of their entitlement to a proportionate share of both royalty and working interest in connection with the production from Lawton "A".[2]

Following a lengthy period of pleading, discovery and briefing, the trial court found the facts to be undisputed and summarily granted plaintiffs the relief they asked for August 29, 1980. Later on, an accounting hearing was held and a money judgment was rendered for both royalty and production interest found to be due plaintiffs since entrance of the 1970 spacing order.

Amoco attacks the judgment on several fronts. The principal ones are: (1) the 1970 spacing order is void because it received no personal notice of the hearing; (2) the trial court was without authority to determine the rights and entitlements of the various working interest owners, and he certainly could not validly award the Louthans a share of the production during the time their land was under lease to others; (3) the action is barred by the statute of limita-

tions; and (4) too much interest was allowed.

It will not be necessary to discuss or decide all of these points because we hold Amoco's first one has merit—that the 1970 spacing order is void.

I

The operative facts are without significant dispute. The physical layout and mineral interest ownership of subject section 20 is shown on the following diagram.

We mentioned earlier Lawton "A" was completed in 1961. Drilling costs were not fully recouped until March 1975. During much of this period of time Cherokee Resources, Inc., held oil and gas leases on the northwest and northeast quarters of section 20 that it had obtained in 1969 from all the Louthans. On April 23, 1970, Cherokee made application to the Oklahoma Corporation Commission to establish 640-acre spacing for section 20. The commission set the application for hearing June 12, 1970. The only type of notice required by statute and the only type given was by publication. Notice was neither mailed to nor served upon Amoco personally.

---

1. The Hawkinses only seek their proportional share of royalty from Lawton "A" inasmuch as their interest was leased at the time of unitization and of commencement of this suit.

2. A separate action for an accounting was filed. It has been consolidated with the principal action for the purposes of review.

Amoco swore it never knew about the unitization hearing. Other owners of the working interest in Lawton "A" said the same thing. Actually, Amoco says it knew nothing about the spacing order until this lawsuit was brought. This seems to be corroborated by the curious fact that neither Cherokee nor any other lessee in section 20 ever sought to participate in Lawton "A" production after procuring the order.

## II

Was Amoco denied due process of law? We hold it was.

Statutorily authorized deprivation of property solely on the basis of publication service is constitutionally deficient in situations where, with use of due diligence, actual notice is possible. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Cravens v. Corporation Commission,* Okl., 613 P.2d 442 (1980).

In the situation here it was even more important that all mineral interest owners in section 20 be constitutionally notified since a producing well existed on it—a well that Cherokee knew or should have known about. It could easily have discovered the names and addresses of some if not all owners of both the working as well as the royalty interests of Lawton "A", as well as other areas of section 20.

The 1970 spacing and drilling order of the corporation commission is, therefore, void as to Amoco. The summary judgment rendered below is vacated and the cause is remanded with directions to enter judgment for defendant Amoco.

BOYDSTON, P.J., concurs.

BACON, J., concurs in result.

BACON, Judge, concurring in result.

I concur in the result that the notice by publication given by Cherokee Resources, Inc., was invalid. However, I would make the result reached prospective to conform with the reasoning given in *Bomford v. Socony Mobil Oil Co.,* Okl., 440 P.2d 713 (1968), wherein the court said:

"Mindful of our duty to guard against any attempt to upset settled titles by imposition of new requirements which did not exist before, we declare that all procedural modifications enunciated herein shall not be construed as invalidating the publication process in this case or in any case in which the trial court's judgment shall have been rendered before this opinion becomes final. *Fidelity-Phenix Fire Insurance Co. of New York v. Penick,* Okl., 401 P.2d 514, 518 [1965]; see also, *American-First Title & Trust Company v. Ewing,* Okl., 403 P.2d 488, 496 [1965]."